| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: <u>District of Delaware</u> |
| Case number (*If known*): _____ Chapter <u>11</u> |

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's name**  <u>FLAG Telecom Group Services Limited</u>

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)  <u>N/A</u>

**4. Debtor's address**

**Principal place of business**

<u>Cumberland House, 9th Floor</u>
Number

<u>1 Victoria Street</u>
Street

<u>Hamilton, HM 11, Bermuda</u>
City, Zip Code, Country

_____
County

**Mailing address, if different from principal place of business**

<u>3190 S. Vaughn Way</u>
Number        Street

<u>Suite 550</u>

<u>Aurora</u>                    <u>CO</u>        <u>80014</u>
City                         State      ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number        Street

_____

_____
City                         State      Zip Code

**5. Debtor's website (URL)**  <u>https://www.globalcloudxchange.com/</u>

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

| Debtor | FLAG Telecom Group Services Limited | Case number (*if known*) _____ |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101 (51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

   5    1    7    9   

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District _____ When _____ Case number _____
                             MM / DD / YYYY

        District _____ When _____ Case number _____
                             MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes. Debtor **See Attached Schedule 1**      Relationship Affiliate

District Delaware      When _____
                                      MM / DD / YYYY

Case number, if known _____

| Debtor | FLAG Telecom Group Services Limited | Case number (*if known*) |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No[1]

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?_____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other_____

**Where is the property?**

_____

Number     Street

_____

_____

City                                                State       ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

| **Statistical and administrative information** |
|---|

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[2]**

☐ 1-49
☐ 50-99
☐ 100-199
☒ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets[3]**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☒ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

1     The debtor and its affiliates operate a global subsea cable and terrestrial network in the United States and internationally. The debtor does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, but the debtor mentions the nature of its business here out of an abundance of caution.

2     On a consolidated basis.

3     On a consolidated basis.

| Debtor | FLAG Telecom Group Services Limited | Case number (if known) |
|---|---|---|
| | Name | |

**16. Estimated liabilities[4]**

☐ $0-$50,000      ☐ $1,000,001-$10 million      ☐ $500,000,001-$1 billion

☐ $50,001-$100,000      ☐ $10,000,001-$50 million      ☒ $1,000,000,001-$10 billion

☐ $100,001-$500,000      ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion

☐ $500,001-$1 million      ☐ $100,000,001-$500 million      ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ▪ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- ▪ I have been authorized to file this petition on behalf of the debtor.

- ▪ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    09/15/2019
              MM / DD / YYYY

✗ /s/ Michael Katzenstein                       Michael Katzenstein
   Signature of authorized representative of debtor        Printed name

   Chief Restructuring Officer
   Title

**18. Signature of attorney**

✗ /s/ M. Blake Cleary            Date    09/15/2019
   Signature of attorney for debtor               MM / DD / YYYY

M. Blake Cleary
Printed name

Young Conaway Stargatt & Taylor, LLP
Firm name

Rodney Square, 1000 North King Street
Number     Street

Wilmington                     Delaware     19801
City                               State       ZIP Code

302.571.6600                   mbcleary@ycst.com
Contact phone                      Email address

3614                              DE
Bar number                       State

---

[4]     On a consolidated basis.

## <u>SCHEDULE 1 TO PETITION</u>

**<u>Pending Bankruptcy Cases in the District of Delaware</u>**
**<u>Filed by the Debtor and Affiliates of the Debtor</u>**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").  A motion has been filed with the Court requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered under the case number assigned to the chapter 11 case of GCX Limited.

1.      GCX Limited
2.      FLAG Telecom Development Limited
3.      FLAG Telecom Group Services Limited
4.      FLAG Telecom Ireland Network DAC
5.      FLAG Telecom Network Services DAC
6.      FLAG Telecom Network USA Limited
7.      Reliance FLAG Atlantic France SAS
8.      Reliance FLAG Telecom Ireland DAC
9.      Reliance Globalcom Limited
10.     Reliance Vanco Group Limited
11.     Vanco Australasia Pty Limited
12.     Vanco GmbH
13.     Vanco SAS
14.     Vanco UK Limited
15.     Vanco US, LLC
16.     VNO Direct Limited

**OMNIBUS WRITTEN CONSENT IN LIEU OF
MEETINGS OF THE STAKEHOLDERS AND
MEETINGS OF THE BOARDS**

September 15, 2019

The undersigned, being the shareholders, equityholders, or legal representatives (each, a "Stakeholder" and collectively, the "Stakeholders") or members of the board of directors, board of members, board of managers, as applicable (each, a "Board" and collectively, the "Boards") of each of the companies listed on **Schedule 1** attached hereto (each, a "Company" and collectively, the "Companies"), in lieu of holding a meeting of such Stakeholders or Board, hereby adopt the following resolutions by written consent as of the date first written above, pursuant to the bylaws, operating agreement, limited liability company agreement or other operating agreement, as applicable (each, an "Operating Agreement"), of each Company and the applicable laws of the jurisdiction in which such Company is organized, which action shall have the same force and effect as if taken at a meeting of each Company's Stakeholders or Board, as applicable, duly called and constituted, pursuant to the applicable Operating Agreement of each such Company and the laws of the jurisdiction in which such Company is organized.

**WHEREAS**, the respective Stakeholders or Board of each Company has considered presentations by the management and the financial and legal advisors of such Company regarding the liabilities and liquidity situation of such Company, the strategic alternatives available to them, and the effect of the foregoing on such Company's business;

**WHEREAS**, the respective Stakeholders or Board of each Company has consulted with the management and the financial and legal advisors of such Company and fully considered each of the strategic alternatives available to such Company, taking into consideration, among other things, the liquidity of the Company and the fact that the Company's senior secured debt obligations have come due;

**WHEREAS**, after careful consideration, the respective Stakeholders or Board of each Company has determined that it is desirable and in the best interests of such Company, its creditors, stakeholders and other interested parties, and in accordance with the wishes of the ad hoc group of secured note claims, that such Company file or cause to be filed voluntary petitions for relief (each, a "Chapter 11 Case" and collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in which the authority for each such Company to operate as a debtor in possession will be sought;

**WHEREAS**, after careful consideration, the respective Stakeholders or Board of each Company has determined that it is desirable and in the best interests of such Company and its respective creditors, equity holders, employees, and other parties in interest that such Company enter into, execute, deliver, certify, file and/or record and perform a restructuring support agreement ("RSA"), including an initial term sheet and any other related documents, by and among the Companies and certain of the Companies' creditors;

**WHEREAS**, the respective Stakeholders or Board of each Company has determined that, in furtherance of the RSA and assuming execution of the RSA, it is desirable and in the best interests of such Company and its respective creditors, equity holders, employees, and other parties in interest that such Company, in accordance with the RSA, commence solicitation ("Solicitation") of votes to obtain acceptances of a joint prepackaged plan of reorganization (the "Plan") to effectuate the restructuring

under the RSA and thereafter file the Chapter 11 Cases under the Bankruptcy Code to pursue confirmation of the Plan; and

**WHEREAS**, in the judgment of the respective Stakeholders or Board of each Company, a restructuring of such Company to be accomplished through the Plan under the Bankruptcy Code and the other transactions identified in the RSA are in the best interest of such Company and its creditors and other parties in interest.

## 1.    APPROVAL OF CHAPTER 11 FILING

**NOW, THEREFORE, BE IT RESOLVED**, that each Company shall be, and hereby is, authorized, directed and empowered to file or cause to be filed Chapter 11 Cases under the provisions of the Bankruptcy Code in the Bankruptcy Court; and

**FURTHER RESOLVED**, that any officer or director (or with respect to VANCO GmbH, any managing director (*Geschäftsführer*)) of each Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers of such Company be, and hereby are, authorized, empowered, and directed to execute and file on behalf of such Company all petitions, schedules, lists, motions, papers, documents, or other filings, and to take any and all action that they deem necessary or proper to obtain such relief, including any action necessary to maintain the ordinary-course operation of the relevant Company's business.

## 2.    RETENTION OF PROFESSIONALS

**NOW, THEREFORE, BE IT RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to (a) employ the law firm of Paul Hastings LLP ("Paul Hastings") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations in the Chapter 11 Cases, including filing any pleadings, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of Paul Hastings;

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to (a) employ the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway") as local bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations in the Chapter 11 Cases, including filing any pleadings, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of Young Conaway;

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to (a) employ the firm FTI Consulting, Inc. ("FTI") as financial advisor to, among other things, assist each Company in (i) developing financial data for evaluation by its Board, creditors, or other third parties (in each case as requested by such Company), (ii) responding to issues related to such Company's financial liquidity, and (iii) selling such Company's assets, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of FTI;

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to (a) employ the firm of Prime Clerk LLC ("Prime Clerk") as notice and claims agent and administrative advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations in

the Chapter 11 Cases, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of Prime Clerk;

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to (a) employ the firm Lazard & Co., Limited ("Lazard") as investment banker to, among other things, assist each Company in (i) developing financial data for evaluation by its Board, creditors, or other third parties (in each case as requested by such Company), (ii) responding to issues related to such Company's financial liquidity, and (iii) selling such Company's assets, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of Lazard;

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to (a) employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code, and (b) in connection therewith, to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

**FURTHER RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized, empowered, and directed to (a) execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, (b) in connection therewith, employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and (c) take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of each such case.

**3.      RESTRUCTURING SUPPORT AGREEMENT**

**NOW, THEREFORE, BE IT RESOLVED**, each Authorized Officer is hereby authorized and empowered in the name and on behalf of such Company, to cause the such Company to enter into, execute, deliver, certify, file and/or record and perform the RSA, including an initial term sheet and any other related documents, by and among the Companies and certain of the Companies' creditors, and such other documents, agreements, instruments and certificates as may be required by the RSA, the form, terms, and provisions of which as may be determined by the respective Stakeholders or Board of each Company, which, is anticipated to be implemented through a the Plan pursuant to the Bankruptcy Code in the Bankruptcy Court;

**FURTHER RESOLVED**, the Companies are hereby authorized to commence Solicitation including the distribution of the related materials, including but not limited to the Plan and any related disclosure statement required by the Plan (the "Solicitation Materials");

**FURTHER RESOLVED**, each Authorized Officer is hereby authorized to determine the form, terms and provisions of the Solicitation Materials (which determination shall be conclusively evidenced by the Authorized Officer's execution and delivery thereof), and that the execution and delivery of the Solicitation Materials by any such Authorized Officer is hereby ratified, confirmed, and approved; and

**FURTHER RESOLVED,** that each Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of such Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Plan, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform such Company's obligations under or in connection with the RSA, the Solicitation and any and all transactions contemplated by the Plan and to carry out fully the intent of the foregoing resolutions.

**4.      CASH COLLATERAL AND DIP FINANCING**

**NOW, THEREFORE, BE IT RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, to (a) seek approval of a cash collateral order in interim and final form which may require the Company to grant liens and (b) negotiate and enter into debtor-in-possession financing, in each case subject to potential capital maintenance rules and financial assistance rules to be complied with under applicable laws;

**FURTHER RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Company to secure the payment and performance of any post-petition financing by (a) pledging or granting liens and mortgages on, or security interest in, all or any portion of such Company's assets, including all or any portion of the issued and outstanding capital stock, partnership interests, or membership interests of any subsidiaries of such Company, whether now owned or hereafter acquired, and (b) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, inter-creditor agreements, mortgages, deeds of trust and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the officer executing the same, the execution thereof by such officer to be conclusive evidence of such approval or determination; and

**FURTHER RESOLVED**, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Company to (a) take such further actions and execute and deliver such certificates, instruments, guaranties, notices and documents as may be required or as such officers may deem necessary, advisable or proper to carry

out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, and (b) perform the obligations of such Company under the relevant companies law applicable to such Company and the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form as the officers performing or executing the same shall approve, and the performance or execution thereof by such officers shall be conclusive evidence of the approval thereof by such officers and by such Company.

5.    **AMENDMENTS TO THE OPERATING AGREEMENT OF VANCO US, LLC**

**NOW, THEREFORE, BE IT RESOLVED**, that pursuant to Section 14.2 thereof, the Operating Agreement of Vanco US, LLC (as amended prior to the date hereof, the "Vanco US Agreement") is hereby amended by the deletion of the words "bankruptcy or" from Section 1.5 thereof;

**FURTHER RESOLVED**, that pursuant to Section 14.2 thereof, the Vanco US Agreement is hereby amended by the insertion of the following Section 6.1.5 immediately after Section 6.1.4 thereof:

6.1.5.    Notwithstanding any provision hereof to the contrary, the Managers, acting alone, shall have the right, power, and authority to file or cause to be filed a case under Chapter 11 of the United States Code on behalf of the Company.

**FURTHER RESOLVED**, that pursuant to Section 14.2 thereof, the Vanco US Agreement is hereby amended by the deletion of Section 12.1.2 thereof in its entirety;

**FURTHER RESOLVED**, that pursuant to Section 14.2 thereof, the Vanco US Agreement is hereby amended by the insertion of the following Section 15.16 immediately after Section 15.15 thereof:

15.16.    **Events of Bankruptcy**.    Notwithstanding any provision hereof to the contrary, under no circumstances shall any event of bankruptcy on the part of a Member, including without limitation any of the events listed in Section 18-304 of the Act, cause such Member to cease to be a member of the Company.  In addition, notwithstanding any provision hereof to the contrary, the Company may put into effect and carry out any decrees and orders of a court or judge having jurisdiction over a proceeding pursuant to the Federal Bankruptcy Code, 11 U.S.C. §§ 101–1532, or any successor statute, in which proceeding an order for relief has been entered with respect to the Company, and may take any action provided or directed by such decrees and orders, in each case without a vote or other consent or approval by any Member or Manager.

**FURTHER RESOLVED**, that VNO Direct Limited hereby approves any and all actions taken by the Managers of Vanco US, LLC by means of this Omnibus Written Consent.

6.    **GENERAL**

**NOW, THEREFORE, BE IT RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon each Authorized Officer, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in each such Authorized Officer's (or their respective designees' or delegates') reasonable business judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**FURTHER RESOLVED**, that the respective Stakeholders or Board of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waives any right to have received such notice;

**FURTHER RESOLVED**, that all actions taken by each of the Authorized Officers (and their designees and delegates) to carry out the purposes and intent of the foregoing resolutions prior to their adoption are approved, ratified, and confirmed;

**FURTHER RESOLVED**, that each Authorized Officer (and his designees and delegates) be, and hereby is, authorized and empowered to take all actions, or to not take any action in the name of each Company, with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein; and

**FURTHER RESOLVED**, that this consent may be executed in as many electronic or original counterparts as may be required, and all counterparts shall collectively constitute one and the same consent.

* * * * * *

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rodney H. Riley

_____
Donald W.C. Mallon

_____
Alan Jeffrey Carr

Being all of the directors of:

GCX Limited, a company organized in Bermuda

*[Signature Page to Omnibus Written Consent]*

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Rodney H. Riley

Clui Mallan
_____
Donald W.C. Mallon

_____
Alan Jeffrey Carr

Being all of the directors of:

GCX Limited, a company organized in Bermuda

[Signature Page to Omnibus Written Consent]

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
                Rodney H. Riley

_____
                Donald W.C. Mallon

_____
                Alan Jeffrey Carr

Being all of the directors of:

GCX Limited, a company organized in Bermuda

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Janice Gutteridge

_____
Janet K. Troxell

Being all of the directors of:

FLAG Telecom Group Services Limited, a company organized in Bermuda

[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Janice Gutteridge

_____
Janet K. Troxell

Being all of the directors of:

FLAG Telecom Group Services Limited, a company organized in Bermuda

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

 

_____
Janet K. Troxell


_____
Rodney H. Riley

Being all of the directors of:

FLAG Telecom Development Limited, a company organized in Bermuda

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Janet K. Troxell

_____
Rodney H. Riley

Being all of the directors of:

FLAG Telecom Development Limited, a company organized in Bermuda

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____

Dermot Lucey

_____

Andrew Goldie

Being all of the directors of:

FLAG Telecom Network Services DAC, a limited company organized in Ireland

FLAG Telecom Development Limited,
a Bermuda company,
as sole shareholder of FLAG Telecom Network
Services DAC

By:_____

Name: Rodney H. Riley
Title: Director

By:_____

Name: Janet K. Troxell
Title: Director

[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Dermot Lucey

_____
Andrew Goldie

Being all of the directors of:

FLAG Telecom Network Services DAC, a limited company organized in Ireland

FLAG Telecom Development Limited,
a Bermuda company,
as sole shareholder of FLAG Telecom Network
Services DAC

By:_____
Name: Rodney H. Riley
Title: Director

By:_____
Name: Janet K. Troxell
Title: Director

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Dermot Lucey


_____
Andrew Goldie

Being all of the directors of:

FLAG Telecom Network Services DAC, a limited company organized in Ireland


FLAG Telecom Development Limited,
a Bermuda company,
as sole shareholder of FLAG Telecom Network Services DAC

By:_____
Name: Rodney H. Riley
Title: Director


By:_____
Name: Janet K. Troxell
Title: Director

[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

<div style="text-align: right;">

_____
Dermot Lucey


_____
Andrew Goldie

Being all of the directors of:

FLAG Telecom Network Services DAC, a limited
company organized in Ireland


FLAG Telecom Development Limited,
a Bermuda company,
as sole shareholder of FLAG Telecom Network
Services DAC


By:_____
Name: Rodney H. Riley
Title: Director


By:_____
Name: Janet K. Troxell
Title: Director

</div>

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Dermot Lucey

_____
Andrew Goldie

Being all of the directors of:

FLAG Telecom Ireland Network DAC, a limited company organized in Ireland

**IN WITNESS WHEREOF,** the undersigned have executed this written consent as of the date first set forth above.

_____
Dermot Lucey

_____
Andrew Goldie

Being all of the directors of:

FLAG Telecom Ireland Network DAC, a limited company organized in Ireland

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Janet K. Troxell


_____
B. K. Sinha


Being all of the directors of:

Flag Telecom Network USA Limited, a Delaware corporation

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Janet K. Troxell

_____
B. K. Sinha

Being all of the directors of:

Flag Telecom Network USA Limited, a Delaware corporation

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Janice Gutteridge

_____
Janet K. Troxell

Being all of the directors of:

Reliance Globalcom Limited, a company organized in Bermuda

*[Signature Page to Omnibus Written Consent]*

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Janice Gutteridge

_____
Janet K. Troxell

Being all of the directors of:

Reliance Globalcom Limited, a company organized in Bermuda

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Janet K. Troxell

Being the sole director and President of:

Reliance FLAG Atlantic France SAS, a French
_sociétés par actions simplifiée_


Reliance Globalcom Limited,
a company organized in Bermuda,
being the sole shareholder of Reliance FLAG Atlantic
France SAS


By:_____
Name: Janice Gutteridge
Title: Director

By:_____
Name: Janet K. Troxell
Title: Director

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Janet K. Troxell

Being the sole director and President of:

Reliance FLAG Atlantic France SAS, a French
*sociétés par actions simplifiée*

Reliance Globalcom Limited,
a company organized in Bermuda,
being the sole shareholder of Reliance FLAG Atlantic
France SAS

By:_____
Name: Janice Gutteridge
Title: Director

By:_____
Name: Janet K. Troxell
Title: Director

*[Signature Page to Omnibus Written Consent]*

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Dermot Lucey

_____
Andrew Goldie

Being all of the directors of:

Reliance FLAG Telecom Ireland DAC, a limited company organized in Ireland

[*Signature Page to Omnibus Written Consent*]

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Dermot Lucey

_____
Andrew Goldie

Being all of the directors of:

Reliance FLAG Telecom Ireland DAC, a limited company organized in Ireland

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Andrew Goldie

Being the sole director of:

Reliance Vanco Group Limited, a company organized in England and Wales

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Marcus Leonard


_____
Andrew Goldie


Being all of the directors of:

Vanco Australasia Pty Limited, a company organized in Australia

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Marcus Leonard

_____
Andrew Goldie

Being all of the directors of:

Vanco Australasia Pty Limited, a company organized in Australia

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____

Janet K. Troxell

_____

Andrew Goldie

_____

Dermot Lucey

Being all of the managing directors of:

VANCO GmbH, a company organized in Germany

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

                                                _____

                                                    Janet K. Troxell

                                                _____

                                                    Andrew Goldie

                                                _____

                                                  Dermot Lucey

Being all of the managing directors of:

VANCO GmbH, a company organized in Germany

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____

Janet K. Troxell

_____

Andrew Goldie

_____

Dermot Lucey

Being all of the managing directors of:

VANCO GmbH, a company organized in Germany

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Janet K. Troxell

_____
Andrew Goldie

_____
Dermot Lucey

Being all of the directors of:

Vanco SAS, a French *sociétés par actions simplifiée*

Reliance Vanco Group Limited,
a company organized in England and Wales,
as President of Vanco SAS

By:_____
Name: Andrew Goldie
Title: Director

**IN WITNESS WHEREOF,** the undersigned have executed this written consent as of the date first set forth above.

---
Janet K. Troxell

---
Andrew Goldie

---
Dermot Lucey

Being all of the directors of:

Vanco SAS, a French *sociétés par actions simplifiée*

Reliance Vanco Group Limited,
a company organized in England and Wales,
as President of Vanco SAS

By:_____
Name: Andrew Goldie
Title: Director

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Janet K. Troxell

_____
Andrew Goldie

_____
Dermot Lucey

Being all of the directors of:

Vanco SAS, a French *sociétés par actions simplifiée*

Reliance Vanco Group Limited,
a company organized in England and Wales,
as President of Vanco SAS

By:_____
Name: Andrew Goldie
Title: Director

*[Signature Page to Omnibus Written Consent]*

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Andrew Goldie

Being the sole director of:

Vanco UK Limited, a company organized in England and Wales

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Janet K. Troxell

_____
Andrew Goldie

Being all of the managers of:

Vanco US, LLC, a Delaware limited liability company

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.

_____
Janet K. Troxell

_____
Andrew Goldie

Being all of the managers of:

Vanco US, LLC, a Delaware limited liability company

**IN WITNESS WHEREOF,** the undersigned have executed this written consent as of the date first set forth above.

_____
Andrew Goldie

Being the sole director of:

VNO Direct Limited, a company organized in England and Wales

### Schedule 1

1. GCX Limited, a company organized in Bermuda
2. FLAG Telecom Development Limited, a company organized in Bermuda
3. FLAG Telecom Group Services Limited, a company organized in Bermuda
4. FLAG Telecom Ireland Network DAC, a limited company organized in Ireland
5. FLAG Telecom Network Services DAC, a limited company organized in Ireland
6. FLAG Telecom Network USA Limited, a corporation incorporated in Delaware
7. Reliance FLAG Atlantic France SAS, a French *sociétés par actions simplifiée*
8. Reliance FLAG Telecom Ireland DAC, a limited company organized in Ireland
9. Reliance Globalcom Limited, a company organized in Bermuda
10. Reliance Vanco Group Limited, a company organized in England and Wales
11. Vanco Australasia Pty Limited, a company organized in Australia
12. VANCO GmbH, with its seat in Neu-Isenburg, Germany
13. Vanco SAS, a French *sociétés par actions simplifiée*
14. Vanco UK Limited, a company organized in England and Wales
15. Vanco US, LLC, a limited liability company organized in Delaware
16. VNO Direct Limited, a company organized in England and Wales

Fill in this information to identify the case:

Debtor Name: <u>GCX Limited, et al.</u>

United States Bankruptcy Court for the: <u>District of Delaware</u>

Case number (if known): _____

Check if this is an amended filing

<u>Official Form 204</u>
**List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders[1]**                                             **12/15**

**A list of creditors holding at least the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the largest unsecured claims on the list.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Telecom Egypt Company Attn: Hisham Ali B7, Smart Village K28 Cairo-Alexandria Desert Ro Cairo 12577 Egypt | Telecom Egypt Company Attn: Hisham Ali PHONE: 20 2 3131 5819 FAX: 20 2 3131 6115 EMAIL: hisham.Ali@telecomegypt.com | Trade | | | | $15,989,612.22 |
| 2 | Alcatel Submarine Networks SASU Attn: Grace Lou Ctr De Villarceaux Nozay 91625 France | Alcatel Submarine Networks SASU Attn: Grace Lou PHONE: 33 1 60407103 FAX: 33 1 30776808 EMAIL: grace.louw@alcatel-lucent.com | Trade | U | | | $6,006,374.27 |
| 3 | E-Marine PJSC Attn:  President or General Counsel Etisalat Business Center Bank Street Dubai 282727 United  Arab Emirates | E-Marine PJSC Attn:  President or General Counsel PHONE: 971 4 881 4433 FAX: 971 4 881 4422 EMAIL: emarine@emarine.ae | Trade | U | | | $5,523,549.92 |

---

[1] On a consolidated basis. The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed below. Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

01:25172710.1

Debtor <u>GCX Limited, et al.</u>                                                    Case number (if known) _____
        Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 4 | Emirates Telecommunication Group Company PJSC Attn: Pavan Bhavanasi Rashid Bin Saeed Al Maktoum St PO Box 3838 Dubai 502666 United Arab Emirates | Emirates Telecommunication Group Company PJSC Attn: Pavan Bhavanasi PHONE: 971-2-628-3333 FAX: 971-2-631-7000 EMAIL: Pavan.Bhavanasi@du.ae | Trade | D | | | $3,685,695.16 |
| 5 | China Mobile Limited Attn:  President or General Counsel 51 Kwai Cheong Road Tower 1, Kowloon Commerce Level30 Kwai Chung Hong Kong | China Mobile Limited Attn:  President or General Counsel PHONE: (852) 3121 8888 FAX: (852) 3188 1660 EMAIL: | Trade | | | | $3,100,000.00 |
| 6 | Verizon Communications Inc Attn: Priti Panchal 600 Hidden Ridge Drive Irving, TX 75038 | Verizon Communications Inc Attn: Priti Panchal PHONE: (972) 444-5516 FAX: (972) 444-5178 EMAIL: priti.panchal@verizon.com | Trade | D | | | $1,844,240.54 |
| 7 | Ciena Communications Int'l LLC Attn:  President or General Counsel 7035 Ridge Road Hanover, MD 21076 | Ciena Communications Int'l LLC Attn:  President or General Counsel PHONE: (932) 005-4232 FAX: (410) 694-5750 EMAIL: ggoyal@ciena.com | Trade | | | | $1,954,323.02 |
| 8 | Reliance BPO Private Limited Attn:  President or General Counsel A Block Dhirubhai Ambani Knowledge City Navi Mumbai 400710 India | Reliance BPO Private Limited Attn:  President or General Counsel PHONE: 91 022 30388005 FAX: EMAIL: mca.rocfiling@relianceada.com | Trade | | | | $1,714,618.08 |
| 9 | Telecom Italia Sparkle S.p.A Attn:  President or General Counsel Via Cristoforo Columbo 142 Rome 00147 Italy | Telecom Italia Sparkle S.p.A Attn:  President or General Counsel PHONE: +39 06 52741 FAX: +39 06 52745347 EMAIL: adminpec@tisparkle.telecompost.it | Trade | | | | $1,551,597.11 |
| 10 | Telecommunications Infrastructure Company Attn:  President or General Counsel TIC Central Bld Shariati St Seied Khandan Overpass Tehran 1631713711 Iran | Telecommunications Infrastructure Company Attn:  President or General Counsel PHONE: +98 21 88405463 FAX: +98 21 88468517 EMAIL: FINANCE@TIC.IR | Trade | | | | $1,425,000.00 |

01:25172710.1

Debtor <u>GCX Limited, et al.</u>                                          Case number (if known) _____
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11 Tata Communications International PTE LTD Attn:  President or General Counsel 35 Tai Seng Street #06-01 Singapore 534103 Singapore | Tata Communications International PTE LTD Attn:  President or General Counsel PHONE: +65-66326700 FAX: +65 66348570 EMAIL: Billing-Data@tatacommunications.com | Trade | | | | $1,083,236.53 |
| 12 Telekom Malaysia Berhad Attn:  President or General Counsel North Wine Menara TM Level 51 Jalan Pantai Baharu Kuala Lumpur 50672 Malaysia | Telekom Malaysia Berhad Attn:  President or General Counsel PHONE: 603 2240 6066 FAX: 603 2283 2415 EMAIL: cic@tm.com.my | Trade | | | | $1,178,392.03 |
| 13 Earthlink Attn:  President or General Counsel Arasat st Earthlink building Baghdad Iraq | Earthlink Attn:  President or General Counsel PHONE: 964 771 7713662 FAX: EMAIL: sales@earthlinktele.com | Trade | | | | $1,175,000.00 |
| 14 NEECO s.r.o. Company Attn: Alena Hornikova Reckova 1652/4 Phase 3 Žižkov 13000 Czech Republic | NEECO s.r.o. Company Attn: Alena Hornikova PHONE: 44 20 7193 6308 FAX: EMAIL: alena.hornikova@neeco.com | Trade | | | | $1,043,429.02 |
| 15 Vodafone Mobile Services Limited Attn: Vikas Srivastava C-48 Okhla Industrial Area Phase 2 New Dehli 110076 India | Vodafone Mobile Services Limited Attn: Vikas Srivastava PHONE: 1171718000 FAX: +91 011 26940154 EMAIL: vikas.srivastava@vodafone.com | Trade | | | | $937,500.00 |
| 16 Fuze Inc Attn:  President or General Counsel 2 Copeley Place Floor 7 Boston, MA 02116 | Fuze Inc Attn:  President or General Counsel PHONE: (342) 507-8827 FAX: EMAIL: merrigo@fuze.com | Trade | | | | $922,086.45 |
| 17 PrimeTel PLC Attn:  President or General Counsel The Maritime Center 141 Omonia Avenue Limassol 3045 Cyprus | PrimeTel PLC Attn:  President or General Counsel PHONE: (357) 2210 2210 FAX: (357) 25 568131 EMAIL: info@prime-tel.com | Trade | | | | $865,763.17 |

Debtor GCX Limited, et al. _____    Case number (if known) _____
       Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | Zayo Group LLC Attn:  President or General Counsel 400 Centennial Parkway Suite 200 Louisville, CO 80027 | Zayo Group LLC Attn:  President or General Counsel PHONE: (303) 381-4683 FAX: EMAIL: customerservice@zayo.com | Trade | | | | $856,232.42 |
| 19 | Du Emirates Integrated Telecommunications Corporation Attn: Pavan Bhavanasi Al Salam Tower PO Box 502666 Dubai United Arab Emirates | Du Emirates Integrated Telecommunications Corporation Attn: Pavan Bhavanasi PHONE: 971-2-628-3333 FAX: EMAIL: Pavan.Bhavanasi@du.ae | Trade | | | | $801,604.74 |
| 20 | British Telecommunications PLC Attn:  President or General Counsel 81 Newgate Street London EC1A 7AJ United Kingdom | British Telecommunications PLC Attn:  President or General Counsel PHONE: +44 0800 616094 FAX: +44 1904 657225 EMAIL: gwbilling03@bt.com | Trade | | | | $632,035.93 |
| 21 | Integrated Telecom Company Attn:  President or General Counsel PO Box 8732 Riyadh 11492 Saudi Arabia | Integrated Telecom Company Attn:  President or General Counsel PHONE: 966-11-406-2222 FAX: 966-11-406-2221 EMAIL: info@itc.net.sa | Trade | | | | $580,814.00 |
| 22 | Milbank LLP Attn:  President or General Counsel 55 Hudson Yards New York, NY 10001-2163 | Milbank LLP Attn:  President or General Counsel PHONE: (212) 530-5000 FAX: (212) 530-5219 EMAIL: JDeCarvalho@milbank.com | Professional | | | | $555,932.96 |
| 23 | Shabakat Alardh Attn:  President or General Counsel Arasat st Earthlink building Baghdad Iraq | Shabakat Alardh Attn:  President or General Counsel PHONE: 9647717713662 FAX: EMAIL: sales@earthlinktele.com | Trade | | | | $544,351.00 |
| 24 | Infinera Corporation Attn:  President or General Counsel 140 Caspian Court Sunnyvale, CA 94089 | Infinera Corporation Attn:  President or General Counsel PHONE: (408) 572-5200 FAX: (408) 572-5343 EMAIL: tdaniels@infinera.com | Trade | | | | $486,405.75 |

Debtor GCX Limited, et al. _____    Case number (if known) _____
        Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 | KT Corporation Attn:  President or General Counsel 39  Saesulmak gil 7/F SMART Tower Gwacheon 13807 South Korea | KT Corporation Attn:  President or General Counsel PHONE: 031-727-0114 FAX: EMAIL: misoon.leem@kt.com | Trade | | | | $456,159.70 |
| 26 | State Oceanic Administration Attn:  President or General Counsel No.1, Fuxingmenwai Ave  Beijing 100860 China | State Oceanic Administration Attn:  President or General Counsel PHONE: +86-10-68036469 FAX: +86-10-68012776 EMAIL: chinare@263.net.cn | Regulatory | | | | $392,780.82 |
| 27 | Jordan Telecom Group Attn:  President or General Counsel City Center Building Amman 1689 Jordan | Jordan Telecom Group Attn:  President or General Counsel PHONE: 962 6 4606666 FAX: 962 6 460611 EMAIL: | Trade | | | | $325,000.00 |
| 28 | Equinix France SAS Attn:  President or General Counsel Friedrich-Ebert-Allee 140 Bonn 53113 Germany | Equinix France SAS Attn:  President or General Counsel PHONE: 49-61-515-8 FAX: EMAIL: info_nonvoice@telekom.de | Trade | | | | $319,087.45 |
| 29 | Lanka Bell Services Limited Attn:  President or General Counsel Central House Beckwith Knowle Harrogate HG3 1UG United Kingdom | Lanka Bell Services Limited Attn:  President or General Counsel PHONE: 01423 850000 FAX: EMAIL: credit.control@redcentricplc.com | Trade | | | | $307,564.52 |
| 30 | RT America Inc. Attn:  Muneeb Mahood 12353 Sunrise Valley Dr. Reston, VA 20191 | RT America Inc. Attn:  Muneeb Mahood PHONE: 964-7504-383835 FAX: EMAIL: mahmood.muneeb @newroztelecom.com | Trade | | | | $300,000.00 |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------------x
```
|  |  |
|---|---|
| In re: | **Chapter 11** |
| **FLAG Telecom Group Services Limited,** | **Case No. 19-_____ (____)** |
| Debtor. | **Joint Administration Requested** |

```
------------------------------------------------------------x
```

**LIST OF EQUITY SECURITY HOLDERS PURSUANT TO RULE 1007(a)(3)**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, FLAG

Telecom Group Services Limited lists below its respective equity security holders as of the date

hereof.

| Debtor | Equity Holder | Equity Holder Address | Approximate Percentage Equity Held |
|---|---|---|---|
| FLAG Telecom Group Services Limited | GCX Limited | Cumberland House<br>9th Floor<br>1 Victoria Street<br>Hamilton HM 11<br>Bermuda | 100% |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------------x
                                    :
In re:                              :    Chapter 11
                                    :
GCX LIMITED, et al.,¹               :    Case No. 19-_____ (____)
                                    :
        Debtors.                    :    Joint Administration Requested
                                    :
------------------------------------------------------------x
```

### CORPORATE OWNERSHIP STATEMENT PURSUANT TO RULE 1007(a)(1) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Pursuant to Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure GCX Limited

and its affiliated debtors as debtors in possession in the above-captioned Chapter 11 Cases

(collectively, the "Debtors"), respectfully represent as follows:

1.    Reliance Communications Limited and Reliance Communications Infrastructure Limited are the ultimate corporate parents of each of the Debtors in the above-captioned Chapter 11 Cases and directly or indirectly own a combined 100% interest in all of the Debtors.

2.    None of the Debtors' equity securities are publicly held.

Attached hereto as **Exhibit A** is an organizational chart illustrating the Debtors' corporate

structure and respective equity interests.

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are GCX Limited (n/a); FLAG Telecom Development Limited (n/a); FLAG Telecom Group Services Limited (n/a); FLAG Telecom Ireland Network DAC (n/a); FLAG Telecom Network Services DAC (n/a); FLAG Telecom Network USA Limited (2662); Reliance FLAG Atlantic France SAS (n/a); Reliance FLAG Telecom Ireland DAC (n/a); Reliance Globalcom Limited (n/a); Reliance Vanco Group Limited (n/a); Vanco Australasia Pty Limited (n/a); Vanco GmbH (n/a); Vanco SAS (n/a); Vanco UK Limited (n/a); Vanco US, LLC (0221); and VNO Direct Limited (n/a).  The location of Debtor FLAG Telecom Network USA Limited's principal place of business and the Debtors' service address in these chapter 11 cases is 3190 S Vaughn Way, # 550, Aurora, CO 80014.

**<u>EXHIBIT A</u>**

**Organizational Chart**





Debtor
7.00% Senior Secured Notes Issuer
7.00% Senior Secured Notes Guarantor
Each entity is 100% owned by its parent, unless indicated otherwise.
GLOBAL CLOUD XCHANGE
A RELIANCE COMPANY
FLAG Telecom Group Services Limited (Bermuda)
Reliance Vanco Group Limited (UK)
Yipes Holdings Inc. (Delaware)
100%
Vanco UK Limited (UK)
Vanco BV (Holland) (Netherlands)
Vanco Deutschland GmbH (Germany)
Reliance Globalcom Services Inc. (Delaware)
99.99%
0.01%
0.05%
99.95%
Vanco GmbH (Germany)
Vanco Australasia Pty Limited (Australia)
Vanco Benelux BV (Netherlands)
VNO Direct Limited (UK)
YTV Inc. USA (Virginia)
Yipes Systems, Inc. (Delaware)
Vanco Global Limited (UK)
Vanco International Limited (UK)
Vanco ROW Limited (UK)
Vanco US, LLC (Delaware)
Vanco Solutions Inc. (Delaware)
0.01%
99.99%
Vanco South America Ltda (Brazil)
Vanco SAS (France)
Vanco (Asia Pacific) Pte Limited (Singapore)
Vanco Switzerland A.G. (Switzerland)
Net Direct SA (Proprietary) Limited (South Africa)
Vanco SpZoo (Poland)
Vanco NV (Belgium)
Vanco Sweden AB (Sweden)
Vanco Srl (Italy)
Euronet Spain SA (Spain)
Vanco (Shanghai) Co. Ltd (China)
Vanco Japan KK (Japan)

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
<tr><td colspan="2">Debtor Name    GCX Limited, et al.[1]</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of   Delaware<br>(State)</td></tr>
<tr><td colspan="2">Case number <em>(If known)</em>:</td></tr>
</table>

<center>Modified Official Form 202</center>

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule* _____

☒   *List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Modified Official Form 204)

☒   Other document that requires a declaration: <u>Corporate Ownership Statement and List of Equity Security Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    09/15/2019            */s/ Michael Katzenstein*
          MM / DD / YYYY         Signature of individual signing on behalf of debtor

                                       Michael Katzenstein
                                       Printed name

                                       Chief Restructuring Officer
                                       Position or relationship to debtor

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are GCX Limited (n/a); FLAG Telecom Development Limited (n/a); FLAG Telecom Group Services Limited (n/a); FLAG Telecom Ireland Network DAC (n/a); FLAG Telecom Network Services DAC (n/a); FLAG Telecom Network USA Limited (2662); Reliance FLAG Atlantic France SAS (n/a); Reliance FLAG Telecom Ireland DAC (n/a); Reliance Globalcom Limited (n/a); Reliance Vanco Group Limited (n/a); Vanco Australasia Pty Limited (n/a); Vanco GmbH (n/a); Vanco SAS (n/a); Vanco UK Limited (n/a); Vanco US, LLC (0221); and VNO Direct Limited (n/a). The location of Debtor FLAG Telecom Network USA Limited's principal place of business and the Debtors' service address in these chapter 11 cases is 3190 S Vaughn Way, # 550, Aurora, CO 80014.